**SO ORDERED.**

**SIGNED June 07, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:

CANAL REFINING COMPANY                        CASE NO. 00-50847

   Debtor                                     CHAPTER 7

---

MEMORANDUM RULING

---

Canal Refining Company ("Canal" or "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 4, 2000. The case was subsequently converted to a case under chapter 7. W. Simmons Sandoz ("Trustee") is the chapter 7 trustee. Presently before the court is the Trustee's Objection to Claim of Hubert Vidrine. A hearing on the matter was held on April 25, 2006. After receiving evidence, the matter was taken under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## BACKGROUND

Hubert Vidrine was employed by Canal for some 21 years at its refinery in Church Point, Louisiana. In 1996, when he was the refinery manager, federal officers, pursuant to a search warrant based upon allegations of violations of environmental protection laws, made an unannounced entry onto the refinery premises. Mr. Vidrine termed the event as a "raid."

At that time, several Canal employees, including Mr. Vidrine, were announced as targets of the investigation. Canal undertook to underwrite the cost of legal representation for all targeted employees, including Mr. Vidrine. Mr. Vidrine employed Gerald Block. According to the Uniform Fee Agreement executed between Messrs. Vidrine and Block, the fees due Mr. Block would be paid by Canal. Although Canal was not a signatory to that agreement, Mr.

Block in fact was paid a total of $4,500 by Canal for his representation of Mr. Vidrine. After a period of time, not having heard anything further regarding the investigation, Mr. Vidrine believed that the matter had been resolved.

In 1998, however, Mr. Vidrine was advised by the U. S. Attorney's office that he remained a target of the investigation. Further, on January 5, 2000, he was formally indicted. Mr. Vidrine contacted Mr. Block, who advised that he could not represent him in further proceedings. Mr. Vidrine employed other counsel to represent him and, ultimately, the charges against him were dismissed.

In between the time that Canal agreed to pay for his legal representation and the indictment, Canal's ownership had changed, as Robert McKee acquired the Debtor through stock purchase in 1998. At the time of Mr. McKee's acquisition, Mr. Vidrine was no longer employed by Canal.

According to Mr. McKee's testimony, at no time was he aware of any document referencing a contract with Mr. Vidrine and, further, he was not aware of any agreement whereby Canal was obligated to provide legal representation for Mr. Vidrine.

## LAW AND ANALYSIS

As stated above, Mr. Vidrine retained Mr. Block to represent him in connection with the federal investigation of the Church Point refinery. They executed a Uniform Fee Agreement on September

Page 3

17, 1996.  Although the document clearly indicates that Canal was to pay for Mr. Block's services, no representative of Canal executed the document.  Accordingly, the court can find no documentary evidence of any legally enforceable contract between Mr. Vidrine and either Canal or the Debtor.

As stated by the court following the evidentiary hearing, the only possible theory of recovery is under the doctrine of equitable estoppel.  In order for equitable estoppel to apply, the court must find the following:  (1) a representation by conduct or word; (2) justifiable reliance thereon; and (3) a change in position to one's detriment because of such reliance.  <u>Johnson v. Seacor Marine Corp.</u>, 404 F.3d 871 (5th Cir. 2005).

The first element is satisfied because Canal did in fact make a representation to Mr. Vidrine that he would be provided legal representation during the federal investigation.  The court further finds that Mr. Vidrine initially justifiably relied upon that representation when he employed Mr. Block.

The court, however, cannot find that there was any justifiable reliance on that representation some 3 years later when Mr. Vidrine employed other counsel.  Mr. Vidrine was no longer employed by Canal, Canal's ownership had changed, and there were no other employees of Canal still being investigated or targeted.  In addition, there is no evidence that Mr. Vidrine changed his

Page 4

00-50847 - #468   File 06/07/06   Enter 06/07/06 16:31:39   Main Document   Pg 4 of 5

position to his detriment based upon the representation.

The only possible change in position was the fact that he incurred additional legal fees. The court cannot imagine however that he would not have employed counsel and incurred those same legal fees absent any representation from Canal. Further, had Mr. Vidrine intended to rely upon Canal's prior representation, surely he would have informed new counsel of the fact that counsel was to be paid by Canal and not by Mr. Vidrine. And if that information had been given to new counsel, the court finds it highly unlikely that counsel would have agreed to such representation without some affirmation from Canal. The court concludes that the final necessary element of equitable estoppel has not been satisfied.

For the foregoing reasons, the Objection to Claim is **SUSTAINED** and the claim of Hubert Vidrine is **DISALLOWED.**

**IT IS SO ORDERED.**

###